```
        UNITED STATES DISTRICT COURT
        EASTERN DISTRICT OF ARKANSAS
              NORTHERN DIVISION
```

RICHARD ALLS                                                               PLAINTIFF

V.                              No. 3:22-CV-26-JTR

KILOLO KIJAKAZI, Acting Commissioner,
Social Security Administration                                            DEFENDANT

## ORDER

### I.  Introduction

Plaintiff Richard Alls applied for disability benefits, alleging disability beginning on June 15, 2019. (Tr. at 15). His application was denied initially and upon reconsideration. *Id*. Alls then requested a hearing before an Administrative Law Judge ("ALJ"). *Id*. After conducting a hearing, the ALJ denied his application on January 15, 2021. (Tr. at 28). The Appeals Council later denied Alls's request for review of the ALJ's decision. (Tr. at 1). Therefore, the ALJ's denial of Alls's application for benefits stands as the final decision of the Commissioner.

Alls filed this case seeking judicial review of the decision denying him benefits. For the reasons stated below, the Court[1] affirms the ALJ's decision.

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge. *Doc. 4*.

## II. The Commissioner's Decision

The ALJ found that Alls had engaged in substantial gainful activity during the first few months of the time period at issue and proceeded with the sequential evaluation to address the remainder of the period.[2] (Tr. at 17). At Step Two of the five-step evaluation, the ALJ found that Alls had the following severe impairments: lumbar spine degenerative disc disease, left carpal tunnel syndrome, non-insulin dependent diabetes mellitus type II, and essential hypertension. *Id*.

After finding that Alls's impairments did not meet or equal a listed impairment, the ALJ determined that Alls had the residual functional capacity ("RFC") to perform work at the light exertional level, except that: (1) he could only occasionally climb ramps, stairs, ladders, ropes or scaffolds; (2) he was limited to occasional balancing, stooping, kneeling, crouching, and crawling; and (3) he could perform no more than frequent handling and fingering with the left upper extremity. (Tr. at 22).

Relying upon Vocational Expert ("VE") testimony, the ALJ determined that Alls was able to perform his past relevant work as a tractor-trailer-truck driver

---

[2] Using a five-step sequence, the ALJ determines: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)–(g).

because this work did not require the performance of work-related activities precluded by Alls's RFC. (Tr. at 26). The ALJ therefore concluded that Alls was not disabled. (Tr. at 28).

### III. Discussion

A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

The United States Supreme Court recently held that "whatever the meaning of 'substantial' is in other contexts, the threshold for such evidentiary sufficiency [in Social Security Disability cases] is not high. Substantial evidence…is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

B. Alls's Arguments on Appeal

Alls contends that substantial evidence does not support the ALJ's decision to deny benefits. After reviewing the record as a whole, the Court concludes that the ALJ's decision should be affirmed.

Alls first argues that the ALJ failed to identify all of his severe impairments at Step Two. He challenges the ALJ's finding that his colitis, GERD, abdominal pain, and frequent nausea, diarrhea, and vomiting were non-severe impairments. He contends that this error was compounded when the ALJ determined his RFC because the ALJ failed to assess any limitations that would account for his abdominal and digestive issues.

At Step Two, an ALJ must determine whether the claimant has an impairment or combination of impairments that is "severe" and meets the duration requirement. 20 C.F.R. § 404.1520(a)(4)(ii). A "severe" impairment significantly limits a

claimant's ability to perform basic work activities. *Id*. at § 404.1520(c). The claimant bears the burden to demonstrate that he has severe impairments, but the burden is not difficult to meet. *Kirby v. Astrue*, 500 F.3d 705, 707–08 (8th Cir. 2007). The ALJ is required to consider the limiting effects of all the claimant's medically determinable impairments—including those that are not severe—in determining the claimant's RFC. 20 C.F.R. § 404.1545(a)(2), (e).

The ALJ thoroughly discussed the medical evidence concerning Alls's digestive and abdominal issues in his written decision before determining that the impairments were non-severe. (Tr. at 18–20). The records show that Alls underwent emergency gallbladder removal surgery in July 2019. (Tr. at 288). His primary care provider noted that Alls had nausea, vomiting, and diarrhea after surgery, for which Alls took multiple medications with varied levels of success. (Tr. at 819). On April 10, 2020, Alls presented to the emergency room with these exacerbated symptoms. (Tr. at 598). He was assessed with hypomagnesemia, and he showed much improvement after fluid and magnesium replacement. (Tr. at 600). At a follow-up appointment, he reported that his nausea, vomiting, and diarrhea had ceased. (Tr. at 632). Alls presented to the emergency room again on April 22, 2020, with complaints of abdominal pain and diarrhea. (Tr. at 587). The physician noted that this condition commonly occurs in patients who have undergone gallbladder

5

removal surgery. (Tr. at 589). Yet, the provider also noted that, despite Alls's complaints of diarrhea, he had none while in the emergency room. (Tr. at 587).

The ALJ noted that since February 2020 Alls had been prescribed medications for these conditions in consistent dosages, "indicating their efficacy." (Tr. at 19, 822–23). The ALJ also rejected Alls's claims regarding the chronicity of his condition, given his report of symptom cessation on April 13, 2020. (Tr. at 20). Accordingly, the ALJ found that the impairments were non-severe. Although Alls points out that he continued to complain of nausea, vomiting, or diarrhea after that date, the medical records show that on September 8, 2020, he again denied having any of these symptoms. (Tr. at 846). These records undermine his subjective complaints and indicate that these impairments did not persist for a continuous 12-month period. *See* 20 C.F.R. §§ 404.1505, 404.1509 (claimant's impairment must meet the duration requirement to be disabling). Additionally, state agency physicians who reviewed Alls's medical records in February and March 2020 noted his digestive and abdominal complaints but concluded that he did not have any related limitations, such as a need for additional unscheduled bathroom breaks or work absences. (Tr. at 70–71, 84–86). Substantial evidence supports the ALJ's Step Two finding that these conditions were non-severe.

Even if the ALJ's finding was erroneous, the error was harmless in this case. Here, the ALJ explicitly stated that he had considered all of Alls's medically

determinable impairments in assessing his RFC, that Alls's RFC "accounts for functional limitations which could reasonably be expected to arise from his nonsevere impairments of colitis [and] GERD, . . . and that none of his nonsevere impairments in-and-of-themselves necessitate any exertional limitations or additional functional limitation(s)." (Tr. at 18, 26). It was Alls's burden, not the ALJ's, to prove his RFC. *Baldwin v. Barnhart*, 349 F.3d 549, 556 (8th Cir. 2003). Alls has failed to prove that any additional RFC limitations were necessary to account for his digestive and abdominal impairments. "An ALJ must include 'only those impairments and limitations he found to be supported by the evidence as a whole in his hypothetical to the vocational expert.'" *Nash v. Comm'r*, 907 F.3d 1086, 1090 (8th Cir. 2018) (quoting *Perkins v. Astrue*, 648 F.3d 892, 902 (8th Cir. 2011)). No reversible error occurred in this regard.

Next, Alls alleges that the ALJ failed to even consider his morbid obesity in the disability evaluation. *See* Social Security Ruling ("SSR") 19–2p: *Titles II and XVI: Evaluating Cases Involving Obesity*, 2019 WL 2374244. This argument is meritless. The ALJ explicitly noted Alls's height, weight, and BMI at Step Two, noting that Alls "rarely, if ever, exhibited any abnormal finding related to obesity, and no treating or examining physician imposed any limitation or restriction due to obesity." (Tr. at 20). The ALJ accordingly found Alls's obesity to be non-severe. *Id*.

Finally, Alls urges that the ALJ generally failed to develop the record regarding his limitations because the record does not contain medical opinion evidence from a treating or examining doctor. This argument is also meritless. The Eighth Circuit has unequivocally stated that "there is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (citing *Myers v. Colvin*, 721 F.3d 521, 526–27 (8th Cir. 2013) (affirming RFC without medical opinion evidence) and *Perks v. Astrue*, 687 F.3d 1086, 1092–93 (8th Cir. 2012) (same)). Alls has not demonstrated reversible error on this front.

## IV. Conclusion

For the reasons stated above, the Court concludes that the ALJ applied proper legal standards and substantial evidence on the record as a whole supports the ALJ's decision. The finding that Alls was not disabled within the meaning of the Social Security Act is hereby AFFIRMED. Judgment will be entered for the Defendant.

IT IS SO ORDERED this 27th day of February, 2023.

_____
UNITED STATES MAGISTRATE JUDGE